RICHARD S. WEIR v. ANN J. JONES ET AL.

1. SUPREME COURT PRACTICE. *Transcript. Exhibits to bill in equity. Recitals.*

  Where an original bill in equity made a deed from a substituted trustee in a deed of trust an exhibit thereto and a part thereof, and the deed so exhibited made the instrument appointing the substituted trustee a part of itself, and the same was copied into the transcript, it became on appeal a part of the record in the supreme court, although an amended bill was filed in the case which simply referred to the deed and did not make it an exhibit to the bill as amended. ·          ·     ·

2. SAME. *Res adjudicata.*

  Where, in a suit to set aside a trust deed, the court, on appeal, in its opinion referred to an instrument appointing a substituted trustee, but no question as to the validity of the appointment was passed on, there was no ground for striking such reference from the opinion, on the idea that it might preclude complainant on the next trial from attacking the validity of the appointment.

FROM the chancery court of, second district, Carroll county. HON. ADAM M. BYRD, Chancellor.

After the decision of this case in the supreme court (see *Weir v. Jones*, ante p. 602), the appellees made a motion in these words:

"Appellees move the court to strike from the record herein the paper purporting to be the appointment of J. N. Flowers as substituted trustee, appearing on pp. 49 and 50 of the transcript, and also to strike from the opinion herein (36 South., 533) all reference to said paper, or at least so much of the opinion as recites and states that said paper is an exhibit to the bill of complaint, for the following reasons:

"(1) Said paper is not an exhibit to the bill or a part of the record, and appellees show that the same was copied in the transcript by the clerk of the court below at the request of counsel for appellant; this being done without authority, said paper not being a part of the record in the court below or this court.

"(2) It is the purpose of appellees, under leave granted, to amend the bill of complaint so as to charge, among other things, that the said alleged appointment of the trustee was and is void, thereby rendering the sale of the land invalid; and if the said paper remains in the record, and the reference thereto in the opinion remains in the record after the adjournment of this court, appellees fear that it will be held or claimed that the validity of said appointment is *res judicata*.

"(3) It is evident that the reference to the said appointment in the opinion was inadvertently made, upon the supposition that said paper was a part of the record, and, since this is not true in point of fact, appellees protest against the statement in the opinion that said paper was an exhibit to the bill or a part of the record in this cause."

*Brame & Brame,* and *J. S. Smith,* for the motion.

*J. N. Flowers,* and *Alexander & Alexander,* contra.

### OPINION OF THE COURT ON THE MOTION.

PER CURIAM. On page 10 of this record the deed from the substituted trustee to the appellant is expressly referred to, and a copy thereof, in the language of the original bill of complaint, "is hereto attached as Exhibit 'D' to this bill, and the same may also be found of record in deed book No. 14, on p. 325 *et seq.*" That deed is copied into and forms part of this record, and by its express language makes the instrument appointing the substituted trustee a part of the deed of conveyance. This deed and appointment is not again copied as an exhibit to the amended bill, but, nevertheless, it is therein referred to again, and constitutes a part of the record presented to the court for its consideration. While this is true, there is nothing in the opinion which precludes the appellees, upon filing their amended bill, from setting up any and all grounds which they may have, attacking either the validity of the appointment of the substi-

tuted trustee or the sale made by him by virtue of such appointment. These questions are in no wise passed upon in the original opinion, which will stand as written.

*Motion denied.*