THOMAS BROWN v. STATE OF MISSISSIPPI.

1. CRIMINAL LAW. *Murder. Previous difficulty. Evidence.*

Where on the trial of a murder case the state designedly proved a previous difficulty between deceased and the accused, it was error to deny defendant the right to show the details of such difficulty.

·2. SAME. *Supreme court practice.*

In such case, upon appeal, the state cannot claim that the error is non-prejudicial because the record fails to show what the details of the previous difficulty were, where it does show that defendant was not permitted to state to the trial court, even out of the hearing of the jury, what he expected to prove touching the details.

FROM the circuit court of, first district, Carroll county.

HON. WILLIAM F. STEVENS, Judge.

Brown, the appellant, was indicted, tried, and convicted of the murder of one Murdee Williams and sentenced to death, from which conviction and sentence he appealed to the supreme court. The facts of the case upon which the decision turned are sufficiently apparent from the opinion of the court. The homicide occurred in Montgomery county, but a change of venue was granted, on defendant's application, to the first district of. Carroll county. The case was once before in the supreme court, then involving the question of change of venue, and it is reported—*Brown* v. *State,* 83 Miss., 645.

*George A. McLean,* and *Patrick Luter,* for appellant.

Proof of previous difficulties is settled law in this state, and is always admissible in evidence where anything that can fairly be construed as an act towards the commission of a dangerous assault can be shown to have been done by the person slain, and that, if there be even a doubt as to whether such act was done, then evidence of previous difficulties should be admitted. *Hawthorne* v. *State,* 61 Miss., 749; *Guice* v. *State,* 60 Miss., 714;

*Holly* v. *State,* 55 Miss., 424; *Kendrick* v. *State,* 55 Miss., 448; *Spivey* v. *State,* 58 Miss., 864; *Foster* v. *State,* 70 Miss., 755.

The facts in this case show that it is one of those rare and exceptional cases in which it was proper to show a former difficulty, and the court should have permitted proof of the difficulty.

The purpose of threats or previous difficulties is to throw light upon a transaction subsequently occurring, and the man who is the aggressor in other difficulties, it is common sense to presume that in the last, or fatal rencounter, he was also the aggressor.

The court erred in permitting counsel for the state to introduce the fact of a previous difficulty and refusing to permit defendant's counsel to show the facts of the occurrence. The court permitted this over the objection of counsel for the defendant, and this is clearly condemned in *Foster* v. *State,* 75 Miss., 745.

*J. N. Flowers,* assistant attorney-general, for appellee.

The single proposition in this case which is urged by counsel for appellant is that the court erred in refusing to permit the details of the alleged prior difficulties to be shown by the defendant. But there are several answers to this contention of counsel.

From the facts of the two difficulties which occurred on the night of the killing, the fatal one and that just before it, as told by Thompson and by the accused, it does not appear that the two negro women, sought to be brought into this case, were involved in any way. The accused himself tells how this difficulty came up, and he does not say that the names of the women were mentioned or that their presence in the neighborhood had anything to do with the difficulty. If he had said that the deceased was only driving him away from the building in which the two women were at the time, and that this was the provocation, it might have been competent, if the evidence had been offered in the regular way, to show that on former occasions he had beaten

him away from the presence of these women. But the accused, by his own story, attempts in no way to connect the women with the difficulty, but shows himself what was said, and how one word brought on another until the crisis was reached.

If it is true that on former occasions Williams, the deceased, had fought Brown away from these women, it is necessarily true that Brown was contending with Williams for the favor of these same women, and it only amounts to saying that they were rivals and that their interests were continually conflicting. The fact that they had fought about these women before would not justify a second fight, nor would it excuse the killing on this occasion, when the immediate facts of the fatal difficulty are in evidence.

Under no view of the case was it competent for the defendant himself to show the former difficulties or the details thereof. The court told him that he could show there had been previous difficulties, but that he could not show the details of these previous difficulties. He declined to offer that part which the court held to be competent unless he should be permitted to introduce all the evidence that he desired to offer. What he desired to offer nowhere appears.

But above and beyond all these criticisms of this part of the record of the trial stands one other conclusive fact, and that is that counsel for defendant did not think enough of the contention, which they now urge here, to dictate into the record what it was proposed to show as to these women and as to the former difficulties. The questions only are given. The answers to the questions are not given, and it does not appear what these answers would have been. As far as this record shows, if the court had permitted Brown to answer the questions propounded, he would have said that the women had nothing to do with the former difficulties or with the one which ended fatally.

WHITFIELD, C. J., delivered the opinion of the court.

Under the peculiar circumstances of this case, as disclosed in this record, it was fatal error to refuse to allow the defendant to

show on cross-examination of Scott Thompson, introduced by the state in rebuttal, the details of the previous difficulty. The state itself had shown on the cross-examination of the defendant himself that there had been a previous difficulty. The first questions asked by the state on this cross-examination disclose this fact. The case of *Foster* v. *State,* 70 Miss., 755 (12 South. Rep., 822), is conclusive of the proposition that, where the state itself introduces the previous difficulty, the defendant should be permitted to show the details and character of such difficulty. It is urged for the state that the assignment of error cannot prevail, because the record does not show what the details of the previous difficulties were—neither that occurring some two weeks before the killing nor that occurring at a longer period— and authorities are cited to sustain this contention. But the complete answer, on this particular record, is that the counsel for the defendant did all in his power to state to the court, when the jury were retired, what these details were, but the court responded "that he did not know and did not care what the counsel was going to ask the witness." When the counsel is not permitted by the court to state, even to the court, whilst the jury are retired and the competency of the testimony is under examination by the court, what the character and details of a previous difficulty are, the state cannot be heard to say here that a defendant shall not have the benefit of an assignment of error predicated on the refusal of the court to permit him to prove the details of a previous difficulty, the state itself having proved that there was such a difficulty. The record in this case, we may add, makes it perfectly plain that the justice of the case required, after the state had been permitted to prove that such difficulty had occurred, that the defendant should be allowed to show the details of the difficulty, in order to demonstrate who was the aggressor in the difficulty resulting in the killing.

*Reversed and remanded.*