## LEORA BROWN *v.* STATE OF MISSISSIPPI.

HOMICIDE.    *Evidence.    Admissibility.    Previous difficulty.*

> In a prosecution for homicide it is competent to prove what was said and done in a difficulty occurring a half hour before the killing, where the quarrel and the fatal encounter grew out of the same cause and constitute, in effect, but a continuous difficulty.

FROM the circuit court of Quitman county.

HON. SAMUEL C. COOK, Judge.

Brown, the appellant, was indicted and tried for and convicted of murder, and appealed to the supreme court.

A dispute arose between the mother of appellant and the wife of deceased, in which dispute deceased took little or no part, and which ended in the appellant's mother, Maria Brown, calling to appellant to bring a gun. Appellant obeyed, and the trouble ended for the time being. About half an hour later a quarrel occurred between Maria Brown and the small stepdaughter of Armistead Fairley, the deceased, which resulted in a fight, in which deceased interceded in behalf of his stepdaughter. The evidence is conflicting as to just what Armistead Fairley, the deceased, did, but while deceased was attempting to separate the combatants the appellant rushed up and shot him with the shotgun.

*M. E. Denton,* for appellant.

The trial court erred in admitting testimony for the state showing an altercation between the mother of appellant and the

wife of deceased, previous to the difficulty which resulted in the killing with which appellant is charged, and that during this altercation appellant brought a shotgun to the fence around the yard of deceased and made a demonstration with it against the members of his family. This testimony amounted to proof of a previous difficulty, with which deceased was not connected and which had no connection whatever with and showed no motive for the killing. It proved an entirely separate and distinct offense, for which appellant might have been separately indicted and tried. In criminal cases—especially and particularly where the testimony is in sharp conflict, as in this case—such testimony should be rigidly rejected. *Foster* v. *State,* 70 Miss., 755; *Hale* v. *State,* 72 Miss., 140; *Herman* v. *State,* 75 Miss., 340; *Raines* v. *State,* 81 Miss., 489, and authorities cited in opinion on p. 497; *Cotton* v. *State* (Miss.), 17 South. Rep., 372; *Whitlock* v. *State* (Miss.), 6 South. Rep., 237; *Kearney* v. *State,* 68 Miss., 233; *Brown* v. *State,* 72 Miss., 997. And for a very long list of authorities, see the annotations to *People* v. *Molineaux,* 62 L. R. A., 193.

The rule against admitting evidence of previous difficulties is especially applicable where the previous difficulty is with a third person. *Mabray* v. *State,* 71 Miss., 716; 21 Am. & Eng. Ency. Law, 219, and authorities cited in note 4.

Whether or not this altercation and exhibition of a deadly weapon amounted to a previous difficulty or to a separate crime, the admission of evidence relating thereto was sufficient to prejudice appellant in the minds of the jury and to impress them that she held "sentiments which should not be tolerated," and the case should still be reversed. *Holt* v. *State,* 78 Miss., 631.

The cases of *Story* v. *State,* 68 Miss., 609; *Webb* v. *State,* 73 Miss., 456; and *Ouidas* v. *State,* 78 Miss., 622, do not apply here, for the reason that the bringing of the shotgun by appellant to the yard of deceased showed no motive for the killing which subsequently occurred.

*R. V. Fletcher,* assistant attorney-general, for appellee.

It is earnestly insisted by appellant that the case should be reversed because of the admission of some particulars of a difficulty occurring between the same parties about half an hour before the fatal difficulty. The former difficulty grew out of the same cause that provoked the killing; the quarrel of which the homicide was the sequence was, in fact, but a continuance of the former trouble. The second difficulty would be almost inexplicable but for information as to what occurred in the first.

The testimony shows that the subject-matter of the two quarrels was the same, that the parties were the same, and that appellant's mother and appellant were the aggressors in both difficulties. This brings the case squarely within the doctrine of *Brown v. State,* 86 Miss., 511 (40 South. Rep., 737). There, in the opinion of the chief justice, the competency of such testimony is exhaustively discussed, and it is held that "where the series of difficulties are between the same parties, growing out of a common cause, so that all the difficulties logically form one connected and continuous line of hostile conduct on the part of the deceased toward the slayer, such hostility being manifested in every difficulty by the deceased's having been the aggressor—in all such cases—testimony as to the previous difficulties should be admitted."

WHITFIELD, C. J., delivered the opinion of the court.

The only error assigned, calling for notice, is the one as to the alleged previous difficulty. It is only necessary to say that the alleged previous difficulty, and the conduct and declarations of the parties therein, were all clearly competent under the recent case of *Brown* v. *State,* 86 Miss., 511 (40 South. Rep., 737). All that was done and said in both the difficulties, half an hour apart, grew out of the same common cause, and constituted in effect but one continuous difficulty. There is no merit in any of the other assignments of error.

*The judgment is affirmed.*