HESTER v. STATE.*

(Division A.  Nov. 29, 1926.)

[110 So. 443.  No. 25854.]

HOMICIDE. *Evidence of previous difficulty between deceased and accused from same cause as fatal difficulty, and showing deceased was aggressor, held erroneously excluded.*

Where evidence in murder prosecution was conflicting as to who was aggressor, testimony of details of previous difficulty occurring about forty minutes before and growing out of same cause as fatal difficulty, and showing that deceased was aggressor, *held* erroneously excluded.

*Corpus Juris-Cyc. References: Homicide, 30 C. J., p. 237, n. 32.

APPEAL from circuit court of Pontotoc county.
HON. C. P. LONG, Judge.

Jess Hester was convicted of murder, and he appeals. Reversed and remanded.

*Bratton & Mitchell,* for appellant.

We find from the testimony that about two hours before the killing, the deceased drove down the streets of Pontotoc hunting the appellant and when he found

him, he cursed him and abused him, starting out of the car in which he was, on the appellant with an open knife. He was prevented from assaulting the appellant but told the appellant then and there that he would get him that day. This testimony was by the court erroneously excluded. This case comes fairly under *Brown* v. *State*, 83 Miss. 645, 40 So. 737.

The court held in *Harly* v. *State*, 108 So. 727, that the previous difficulty and threats made by the deceased shortly before the homicide should have been admitted in the trial of the case for the purpose of explaining to the jury who was probably the aggressor at the time of the homicide.

*Rufus Creekmore*, Assistant Attorney-General, for the state.

Counsel say that the defendant should have been permitted to introduce testimony of the details of the previous difficulty that occurred between the defendant and the deceased a short while before the fatal difficulty.

Counsel rely on *Brown* v. *State*, 85 Miss. 511, 40 So. 737, to sustain their contention. In that case, however, the state first introduced testimony of the fact that there was a previous difficulty between these parties and the defendant thereafter attempted to introduce testimony giving the details of the difficulty. The court there held that it was error to refuse to permit the defendant to introduce this testimony under those circumstances. The precise point which is here urged was not decided in that case.

In *Brown* v. *State*, 88 Miss. 166, however, this point was presented to the court for decision and in that case the court held that where there is a doubt, confusion, dispute or conflict as to who was the aggressor in the fatal difficulty and when such fact is the pivotal one in the case, the testimony of uncommunicated threats and the nature and character of previous difficulties wanton-

ly provoked by the deceased is always admissible, provided the testimony shows some overt act on the part of the deceased at the time of the fatal encounter.

But the facts as disclosed by the record do not bring it under the rule laid down in the Brown case. In the first place, the greater portion of the testimony which was sought to be introduced by the defendant with reference to this alleged previous difficulty was clearly incompetent and irrelevant and under any circumstances would necessarily have been excluded from the jury on proper motion made by the district attorney. It will also be noticed that nowhere is there testimony to the effect that the deceased threatened the life of the defendant at the time of the previous difficulty. This testimony at the most amounted to testimony of the fact that there was a previous difficulty and that at that time the deceased was the aggressor.

Our courts have held numerous times that as a general rule the details of a previous disconnected difficulty are inadmissible in evidence, when such testimony is offered on behalf of the state. See *Raines* v. *State,* 81 Miss. 489; *Thompson* v. *State,* 84 Miss. 759, 36 So. 389; *Hughes* v. *State,* 38 So. 33; *Rich* v. *State,* 124 Miss. 272, 86 So. 770; *Hardy* v. *State,* 108 So. 727; *McCoy* v. *State,* 91 Miss. 254, 44 So. 814, held that the details of previous disconnected difficulties are inadmissible when offered on behalf of the defendant.

If the state is to be barred from introducing details of previous difficulties where there is doubt as to the aggressor, then as a matter of justice and right the defendant should also be barred from introducing testimony of this character. There is no logical reason why the rule should not work both ways.

COOK, J., delivered the opinion of the court.

In the circuit court of Pontotoc county, the appellant was convicted of murder, and was sentenced to the state

penitentiary for life, and from this conviction and sentence he prosecuted this appeal.

The testimony offered by the state amply sustains the conviction of murder, while that for the defendant, if believed, makes a case of self-defense. There is sharp conflict in the testimony as to who was the aggressor in the fatal difficulty. In this state of the record the appellant offered testimony of the details of a previous difficulty between the deceased and the appellant, which occurred about forty minutes before and grew out of the same cause as the fatal difficulty, and in which the deceased was the aggressor, throughout. This testimony was excluded, and the only assignment of error is based upon its exclusion.

We think this proffered testimony comes clearly within the doctrine announced in the case of *Brown* v. *State*, 87 Miss. 800, 40 So. 1009, in which Chief Justice WHITFIELD, speaking for the court, said:

"It is only necessary to say that the alleged previous difficulty, and the conduct and declarations of the parties therein, were all clearly competent under the recent case of *Brown* v. *State*, 86 Miss. 511 (40 So. Rep. 737.). All that was done and said in both the difficulties, half an hour apart, grew out of the same common cause, and constituted in effect but one continuous difficulty." *Brown* v. *State*, 85 Miss. 511, 37 So. 957.

For the error in excluding this testimony, we think the judgment of the court below should be reversed and the cause remanded.

*Reversed and remanded.*