WILLIAM A. BELL *v.* SOUTHERN RAILWAY COMPANY.*

[30 South. Rep., 821.]

CIRCUIT COURT. *Practice. Jury trial. Negligence.*

> Cases are rare in which questions of negligence should be taken from the jury and decided by the court.

FROM the circuit court of Leflore county.

HON. FRANK E. LARKIN, Judge.

Bell, the appellant, was plaintiff in the court below; the railway company was defendant there. From a judgment in defendant's favor the plaintiff appealed to the supreme court.

The action was trespass on the case to recover damages sustained by plaintiff by reason of the alleged negligence of defendant's employes in moving a train of cars, from which plaintiff was unloading coal, causing the mules hitched to a wagon into which the coal was being placed to become frightened and to run over plaintiff and injure him. The car of coal had been placed on defendant's sidetrack for the purpose of being unloaded; the father of plaintiff had purchased some of the coal from its owner and had been instructed by him to unload the car; plaintiff and a negro man, by direction of plaintiff's father, went

---

*This case was decided December 19, 1901; it is now reported by request of Chief Justice Whitfield.

to work unloading the car, having backed the wagon up to it for that purpose, the unloading consisting of throwing the coal from the car into the wagon; they had unloaded and removed five wagon loads during the day, and the car had not been moved. The car was about the middle of a string or train of twenty-four cars. The plaintiff and his companion having first satisfied themselves that there was no engine attached to the train, plaintiff started to get up on the car, but, seeing that another train was going to pass on the main line of the railroad, got in front of the mules hitched to the wagon, and stood there until the train passed; he then started back to the wagon, but, seeing that the mules were getting restive, he got in front of them again, when he heard an engine strike the cars, and the car which he was unloading, being in the line of contact, was moved; the car hit the wagon, knocked it around, frightened the mules, and plaintiff was unable to hold them; they ran over him, knocked him down, broke his arm, and otherwise injured him. He did not see the engine that struck the cars on the sidetrack until after the collision, and he had no notice or warning by appellee of its approach. Appellant could not have seen from where he was standing at the time of the collision an engine or cars coming from the direction from which the engine came which backed into the sidetrack and put the car of coal in motion.

Defendant, when plaintiff rested his case, moved to exclude all the testimony introduced, because of the variance between the proof and the allegations of the declaration and because the proof failed to make out a case against defendant, which motion was sustained by the court below, and a peremptory instruction granted for defendant.

*Samuel L. Gwin,* for appellant.

The questions presented to the court are: (1) Was the appellant at the time of the injury rightfully and by invitation on appellee's right of way for the transaction of business with it? (2) And, being so on appellee's right of way, did appellee ex-

ercise that degree of care which under the circumstances the law requires to prevent injury to the appellant?

The testimony clearly discloses that appellant was on appellee's right of way upon appellee's invitation.

This case comes squarely within the leading definition of implied invitation as laid down in *Sweeny* v. *Old Colony, etc., R. Co.,* 10 Allen (Mass.), 368, and largely approved since that case: "Or it (invitation) may be implied, as when the owner or occupier of land, by acts or conduct, leads another to believe that the land or something thereon was intended to be used as he uses them, and that such use is not only acquiesced in by the owner or occupier, but is in accordance with the intention or design for which the way or place or thing was adapted and prepared or allowed to be used." 17 Am. & Eng. Ency. Law (2d ed.), 478.

Appellant was on the right of way of appellee by invitation in the performance of a contract, and appellee was under strong obligations to exercise the utmost care and caution to prevent injury to him from the movements of its trains. *Railway Co.* v. *Hirsch,* 69 Miss., 133 (s.c., 13 South. Rep., 244). Under such circumstances he is entitled to receive from appellee a higher degree of care than if he were a mere licensee. Whittaker's Smith on Neg., 224; Pattison on Ry. Accident Law, sec. 189; *Railroad Co.* v. *Bailey,* 40 Miss., 395; see also cases digested in 7 Rapalje & Mack's Digest Ry. Dec., 211-213. Appellee failed to exercise the degree of care required, for the conduct of its servants in backing the locomotive and cars along the sidetrack and against the cars standing thereon evidenced a lack of even ordinary care. *Whitney* v. *Cook,* 53 Miss., 551; *Lowenstein* v. *Powell,* 68 Miss., 73 (s.c., 8 South. Rep., 269).

*Catchings & Catchings,* for appellee.

It is apparent that the appellant contributed to his own injury. When he saw that the engine was about to strike the train, or had struck it, he ought to have pulled his wagon away.

Evidently it was the knocking around of appellant's wagon wheels that frightened his mules.

Appellant was guilty of negligence in taking his place in front of the mules. They had already manifested indications of fright, and he got in front of them for the very purpose of keeping them from running away.

He put himself voluntarily in a dangerous position, which led to his injury. The case ought to be affirmed.

WHITFIELD, C. J., delivered the opinion of the court.

The appellant was where he was when injured by the implied invitation of the appellee. Under all the testimony, we think the case should have gone to a jury. Whether the company was guilty of negligence, and whether he himself was guilty of contributory negligence, were questions of fact which a jury should have passed upon. So many questions are integrated usually into the solution of the question of negligence, it is so necessary to carefully examine all the circumstances making up the situation in each case, that it must be a rare case of negligence which the court should take from a jury. We think this is not that sort of a case.

*Reversed and remanded.*

CALHOON, J., dissenting.