CLARENCE ALLEN *v.* YAZOO & MISSISSIPPI VALLEY RAILROAD COMPANY.

[40 South. Rep., 1009.]

1. RAILROADS. *Pleadings. Declaration. Demurrer. Negligence.*

   A declaration against a railroad company by a section laborer, injured in a collision between a passenger train and a hand car, averring that the injury was caused by the concurrent negligence of a section foreman, plaintiffs superior officer, and the employes operating the passenger train, is not demurrable.

2. SAME. *Negligence rarely a question of law.*

   "So many questions are integrated usually into the solution of the question of negligence, it is so necessary to carefully examine all the circumstances making up the situation in each case, that it must be a rare case of negligence which the court should take from the jury." *Stevens* v. *Yazoo, etc., R. R. Co.,* 81 Miss., 195; *Bell* v. *Southern Ry. Co.,* 87 Miss., 234.

FROM the circuit court of Leflore county.

HON. A. McC. KIMBROUGH, Judge.

Allen, the appellant, was plaintiff in the court below; the railroad company, the appellee, was defendant there. From a final judgment for the defendant, sustaining a demurrer to an amended declaration and dismissing the suit, the plaintiff appealed to the supreme court. The opinion of the court states the case.

*S. R. Coleman,* for appellant.

The fact that the servant at the time he was injured was complying with a direct, specific personal order of his master or his master's representative, has, it is well settled, a material bearing upon the question whether he can hold the master responsible. 142 Mass., 316.

The master incurs no especial responsibility by ordering the servant to perform one of his ordinary duties in the regular course of his work. *Davis* v. *Detroit, etc., R. R. Co.,* 4 Am. Rep. (Mich.), 364; 159 Mass., 154. The facts of the case of *Truly* v. *Lumber Company,* 83 Miss., 430 (s.c., 30 South. Rep., 4), is in line with these last authorities. Truly was employed to push a lumber car loaded with lumber and acted under general orders, and in the line of his usual and ordinary employment was injured. This case is for many reasons not a parallel case with the case at bar.

But by almost all courts it is held that the fact of the servant's having been directly ordered to do the act which caused the injury introduces into the situation a differentiating circumstance, which will render his contributory negligence a question for the jury in nearly every conceivable state of the evidence. It does not follow that because the servant could justify a disobedience of the order he is guilty of negligence in obeying it. 96 Mo., 297.

Applying the principle of liability of the master for injuries received by his servant while obeying his direct orders, to the facts of this case as alleged in the declaration, we find the following cases: Section hand not negligent when he obeys orders to take hand car off of track when a train is close at hand. *Texas, etc., R. R. Co.* v. *Gaines,* 26 S. W. (Texas), 873. Where a gang of men engaged in raising a track by putting stone under it on the sudden approach of a train is ordered to take off some stone remaining on the track, and immediately attempts to do so, without opportunity to observe and calculate the distance to the train or its speed, he is not necessarily guilty of contributory negligence such as will defeat his recovery. *Brice* v. *Louisville, etc., R. R. Co.,* 96 Mo., 297 ; 9 S. W., 289. In this case it was held that plaintiff was entitled under these facts to have his case go to the jury. See also, 89 N. Y., 375. It was held not negligent for a section man to try to get a hand car off the track when a train was approaching. 108 Mo., 322. Section man not necessarily negligent in attempting, at the command of his foreman, to remove a hand car out of the way of a slowly approaching train. 47 Minn., 340. Injury received while under orders removing dangerous obstructions from the track as the train was approaching. *Gulf, etc., R. R. Co.* v. *Duvall,* 35 S. W. (Texas), 699.

It has been held that "a section hand engaged under the direction of a foreman of a gang in attempting to remove a hand car from the track in order to avoid an approaching train, had a right to presume that the foreman, who is in a position to devote his whole attention to the approaching train and the efforts of his men to get the hand car off the track, will give such directions as will protect him." 85 Ark., 135. And, as already quoted, "Obedience to an order is not contributory negligence in any case in which the servant had a right to assume that the master will warn him as to any danger which the service may involve." See 8 N. Y., 717 ; 100 Iowa, 441.

Section foreman is such a superior officer as will make railroad company liable because of orders given by him.   See many cases cited in note, *Dallemaded* v. *Saalfeldt,* 48 L. R. A., 765.

*Mayes & Longstreet,* for appellee.

[The brief of counsel for appellee was lost, or withdrawn from the record before it reached the reporter.]

MAYES, J., delivered the opinion of the court.

There was an original declaration filed in this case, and a demurrer filed thereto, which was sustained by the court.   Afterwards an amended declaration was filed, which alleged in substance that Clarence Allen was a section hand, working on the Yazoo & Mississippi Valley Railroad; that he was under the control and orders of one Parker, an employe of the company acting in the capacity as foreman of the section gang, with the right to employ and discharge hands and perform such other duties as devolved upon a foreman; that these section hands under the direction of Parker kept the roadbed in repair and did other necessary work on the road.   The declaration then alleges that on the 9th of June Clarence Allen, together with the other hands, was ordered by Parker to take the hand car and proceed up the railroad to a certain switch near the city of Greenwood, for the purpose of working on same; that Clarence Allen, accompanied by the other hands and acting under the order and control of Parker, took the hand car and were proceeding to where the switch was located, where they were to commence their work, when they discovered that the hand car was rapidly being overtaken by a passenger train on the road of the company; that immediately Parker ordered the hand car stopped and taken from the track.   Appellant and the other hands stopped the hand car as rapidly as possible and lifted a part of the hand car from the track. While it was in this condition Parker, the foreman, negligently and carelessly ordered Clarence Allen to remove the part re-

maining, which the said Allen attempted to do, when the said passenger train knocked the hand car from the track and plaintiff was injured by the hand car, being seriously hurt, which injury was occasioned by obeying the orders of said Parker in trying to remove the hand car from the track. The second count of the declaration avers that while Clarence Allen was employed as alleged in the first count, and while acting under the orders of Parker, section foreman as aforesaid, in attempting to remove the remainder of the hand car from the track of the defendant company, the employes of the company in charge of the passenger train saw the situation of the plaintiff in ample time to stop said train, but negligently, recklessly, willfully and wantonly kept said passenger train at a high rate of speed and caused the same to knock the hand car from the track, and seriously wounded and injured the said Clarence Allen. To this amended declaration another demurrer was interposed, setting up, first, that the amended declaration showed no cause of action; second, that the declaration showed that plaintiff was guilty of contributory negligence, in that he exposed himself in front of a moving train; third, the declaration showed that plaintiff was not exercising ordinary care at the time he received the injuries; fourth, that the declaration showed that plaintiff's injuries were received while performing an act in obedience to orders, when the danger was so obvious that no man of common sense and prudence would have attempted it. The demurrer to the amended declaration was sustained by the court, and, the plaintiff having declined to further amend, a judgment was entered dismissing the suit.

We think the court erred in sustaining the demurrer to the declaration. The declaration shows that a passenger train was approaching; that the section foreman ordered his hands to remove the hand car, and while they were attempting to do it they were in view of the employes of the passenger train; and that there was ample time to have stopped the train, but that

the train was negligently, recklessly, willfully and wantonly run at a high rate of speed, and that this caused the collision with the hand car and consequent damage to plaintiff. As it has been aptly put in the case of *Bell* v. *Southern Ry. Co.,* 87 Miss., 234 (s.c., 30 South. Rep., 821), by WHITFIELD, C. J.: "So many questions are integrated usually into the solution of the question of negligence, it is so necessary to carefully examine all the circumstances making up the situation in each case, that it must be a rare case of negligence which the court should take from a jury." *Bell* v. *Southern Ry. Co.,* 87 Miss., 234 (s.c., 30 South. Rep., 821) ; *Shroeder* v. *Chicago & Alton Ry. Co.,* 108 Mass., 322 (18 S. W., 1094; 18 L. R. A., 827) ; *Texas & Pac. Ry. Co.* v. *Lewis* (Tex. Civ. App.), 26 S. W., 873 ; *David Britton* v. *Northern Pacific R. R. Co.,* 47 Minn., 340 (50 N. W., 231) ; *Stephens* v. *Hannibal & St. Jos. R. R. Co.,* 96 Mo., 207 (9 S. W., 589; 9 Am. St. Rep., 336).

*Reversed and remanded.*