942 So.2d 816 (2006)
John Edgar CARR, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2005-KM-02027-COA.
Court of Appeals of Mississippi.
November 21, 2006.
Robert Stanley Little, for Appellant.
Bela J. Chain, Oxford, for Appellee.
Before KING, C.J., CHANDLER and ROBERTS, JJ.
ROBERTS, J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. On May 26, 2004, John Edgar Carr was arrested in Oxford for driving under the influence and failing to dim his headlights. Carr appeared before the Oxford Municipal Court on November 3, 2004, and was convicted of both charges against him. Following his conviction, Carr was fined $1,008.50 and sentenced to two days in jail, suspended on two years good behavior. Carr subsequently appealed his conviction to the Circuit Court of Lafayette County *817 and received a trial de novo therein on October 21, 2005. After a trial on the merits, Judge Henry Lackey found Carr guilty of driving under the influence and failing to dim his headlights. Judge Lackey fined Carr $1,000 and sentenced him to two days in jail, but did not suspend the sentence. Aggrieved by this "upward enhancement," Carr now appeals and argues that "[b]y imposing a sentence greater than that imposed by the lower court, the circuit court judge violated the due process clause of the Mississippi constitution."
¶ 2. Finding no error, we affirm.

ANALYSIS
¶ 3. While acknowledging the current state of the law, Carr argues that this Court should rethink the position taken by the supreme court with regard to the issue of whether a sentence may be enhanced following a de novo appeal. Our supreme court has stated, "There is no absolute constitutional bar to sentence enhancement at a second trial." Payton v. State, 897 So.2d 921 (¶ 106) (Miss.2003) (citing Colten v. Kentucky, 407 U.S. 104, 117, 92 S.Ct. 1953, 32 L.Ed.2d 584,(1972)). The enhanced sentence is permitted to stand so long as it is within statutory limits. Fisher v. Eupora, 587 So.2d 878, 885 (Miss.1991). While there are some instances when the reviewing court must place in the record those reasons for an enhanced sentence, see Payton, 897 So.2d at (¶ 106), the case before us is not one of them, as the supreme court has reasoned that an on the record explanation of the enhanced sentence is not warranted after a trial de novo in a superior court following an appeal from an inferior court. Bush v. State, 667 So.2d 26, 29 (Miss.1996).
¶ 4. As is evident from the paragraph above, the law concerning the constitutionality of enhancing a lower court's sentence following a de novo review by the superior court is clear. This Court is duty bound to uphold and apply all precedent handed down from the supreme court, and while our interpretation may, at times, differ from the high court, we are neither obliged nor empowered to reverse the precedent surrounding the issue presented. Therefore, as Carr's legal woes were passed down to this Court, we must imply that the supreme court does not wish to take such a drastic step as to alter the status quo of the jurisprudence in question. Accordingly, we affirm.
¶ 5. THE JUDGMENT OF THE CIRCUIT COURT OF LAFAYETTE COUNTY OF CONVICTION OF DUI 1ST AND FAILURE TO DIM HEADLIGHTS AND SENTENCE OF 48 HOURS (2 DAYS) IN THE LAFAYETTE COUNTY DETENTION CENTER AND A FINE OF $1000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR. SOUTHWICK, J., CONCURS IN RESULT ONLY.