988 So.2d 412 (2008)
1704 21ST AVENUE, LTD., Appellant
v.
CITY OF GULFPORT, Mississippi, Appellee.
No. 2007-CA-00228-COA.
Court of Appeals of Mississippi.
July 29, 2008.
*413 Harry M. Yoste, attorney for appellant.
Margaret E. Murdock, Jeffrey S. Bruni, Gulfport, attorneys for appellee.
Before LEE, P.J., BARNES and ISHEE, JJ.
BARNES, J., for the Court.
¶ 1. 1704 21st Avenue, Ltd. ("1704 21st Avenue"), owner of an apartment complex, sued the City of Gulfport ("City") for "money had and received" and unjust enrichment, seeking the refund of garbage fees it had paid to the City when it had already obtained separate garbage collection service through a private contractor. In the County Court of Harrison County, a jury returned a verdict in favor of 1704 21st Avenue, awarding it $18,342.72 in damages, which was the exact amount of the refund sought by the plaintiff. The county court also awarded post-judgment interest. The City appealed to the Circuit Court of Harrison County, which reversed and rendered the judgment of the county court, finding the claims barred by the Mississippi Tort Claims Act ("MTCA") and the City immune. 1704 21st Avenue now appeals to this Court, raising two issues: (1) whether the circuit court erred when it ruled on appeal that 1704 21st Avenue's claims were governed by the MTCA, and (2) whether the county court erred in denying prejudgment interest. Finding the claims barred by the MTCA, we affirm.

STATEMENT OF FACTS AND PROCEDURAL HISTORY
¶ 2. In January 1999, 1704 21st Avenue, a corporation, bought an apartment complex currently known as Waters Mark Apartments in Gulfport, Mississippi. 1704 21st Avenue entered into a private, independent contract with BFI for garbage collection from two dumpsters at the apartment complex.[1] Witnesses stated it *414 had been the practice of the tenants at Waters Mark to dispose of their trash in these dumpsters for nearly a decade. 1704 21st Avenue did not, however, notify the City of its private contract with BFI, and from March 1999 until May 2001, 1704 21st Avenue was also charged and paid for curbside garbage collection service, by the City's Water Department, at the rate of $833.76 per month.[2] The invoice also included line-items for sewer, water, and debt-service fees. In April or May 2001, the Waters Mark apartment manager noticed that the complex was, in effect, paying for garbage collection service twice. The manager inquired to the appropriate authorities at the City and requested a refund of the garbage fees paid to the City from March 1999 until May 2001, totaling $23,345.28. 1704 21st Avenue maintains it did not receive any curbside garbage collection service from the City during this time. The City responded to the refund request by stating that it has been an unwritten, standard, internal policy to go back only six months to audit or adjust accounts for water, sewer, or garbage fees, and the City would only credit the accounts for the charges incurred during that time frame. Accordingly, the next month the City ceased billing the complex for the garbage fees and subsequently credited the complex's account for six months of garbage fees, or $5,002.56.
¶ 3. In December 2001, 1704 21st Avenue filed suit against the City in the county court for "money had and received" and unjust enrichment, seeking the remainder of its garbage-fee refund, or $18,342.72. In its complaint, 1704 21st Avenue also demanded prejudgment interest. The City originally defended itself based on its internal policy of limiting refunds to six months, but later the City amended its answer to defend on the theory of sovereign immunity under the MTCA. The City maintained that the garbage fees it received from 1704 21st Avenue were paid to BFI, and those funds, or the means to pay the refund, were no longer in its possession. In March 2003, the county court issued a partial adjudication of a motion to dismiss filed by the City. In its order, the county court sided with the City, stating that the case was governed by the MTCA, and a bench trial would ensue. However, approximately three months later, the county court granted 1704 21st Avenue's motion to reconsider, stating that after considering the written pleadings, briefs, and oral argument, it now found that "the claims fall outside of the MTCA."
¶ 4. In September 2003, a jury trial was held in the county court. The jury returned a verdict in favor of 1704 21st Avenue, awarding it the requested refund amount of $18,342.72. 1704 21st Avenue made an ore tenus motion for prejudgment interest on its award, and the county court entered an amended judgment, awarding post-judgment interest but not prejudgment interest. Subsequently, the City appealed to the circuit court. 1704 21st Avenue cross-appealed regarding the decision not to award prejudgment interest. The circuit court issued an order on January 5, 2007, finding 1704 21st Avenue's claims were governed by the MTCA. Accordingly, the county court's judgment was reversed and rendered, thereby granting judgment for the City. 1704 21st Avenue then appealed to this Court, raising two issues: (1) whether the circuit court erred in ruling its claims were governed by the MTCA, and (2) whether the county court erred in denying prejudgment interest.

*415 ANALYSIS

WHETHER THE CIRCUIT COURT ERRED IN RULING 1704 21ST AVENUE'S CLAIMS WERE GOVERNED BY THE MTCA.
¶ 5. The circuit court, acting as an appellate court, found the City immune from liability pursuant to the MTCA. The circuit court determined that 1704 21st Avenue's claims constituted an alleged "wrongful... act" within the meaning of Mississippi Code Annotated section 11-46-3(1) (Rev. 2002); therefore, the court held that the MTCA applies. Section 11-46-3(1) declares the legislative intent in enacting the MTCA is that the state and its political subdivisions shall be:
immune from suit at law or in equity on account of any wrongful or tortious act or omission or breach of implied term or condition of any warranty or contract... notwithstanding that any such act, omission, or breach ... may or may not arise out of any activity, transaction or service for which any fee, charge, cost or other consideration was received or expected to be received in exchange therefor.
The circuit court held that the City was exempt from liability under Mississippi Code Annotated section 11-46-9(1)(i) and (d) (Rev.2002), respectively, as the claim arose "out of the assessment or collection of any tax or fee" and was a "discretionary duty." The circuit court further determined that since 1704 21st Avenue failed to submit a notice of claim to the City prior to commencing the suit, as required under the MTCA, the claims were barred pursuant to Mississippi Code Annotated section 11-46-11(1) (Rev.2002).
¶ 6. Generally, the City argues that the MTCA supports the circuit court's findings. The City further contends that the MTCA is the exclusive remedy against any and all civil actions. The City interprets the action instituted against it to be either grounded in tort or equity, both of which are covered by the Act.
¶ 7. This Court applies a de novo standard of review when examining questions of law, including the proper application of the MTCA. City of Jackson v. Brister, 838 So.2d 274, 278(¶ 13) (Miss.2003) (citing Maldonado v. Kelly, 768 So.2d 906, 908(¶ 4) (Miss.2000)).
¶ 8. Turning to the specifics of the instant case, 1704 21st Avenue sued the City for two claims: "money had and received" and unjust enrichment. These claims amount to a refund for the $18,342.72 it had paid the City from March 1999 until May 2001 for municipal garbage services. 1704 21st Avenue did not seek, nor was it awarded by the jury, additional compensation for damages or injury. Throughout this litigation, both parties have struggled to define exactly what type of cause of action the two claims for the refund are. 1704 21st Avenue contends its two actions against the City are viable and based on common law theories. In its brief, 1704 21st Avenue discusses that it could have brought the action for the return of the garbage fees through other avenues than it did, such as: (1) a replevin action seeking a return of its property that the City held without justification; or (2) an action for quantum meruit, which is related to unjust enrichment. However, 1704 21st Avenue admits that one of the ways it decided to bring the action, as an unjust enrichment claim, is an equitable remedy based on contract law. 1704 21st Avenue quotes, in support of its argument, Koval v. Koval, 576 So.2d 134, 136 (Miss.1991), which states "[u]njust enrichment is an equitable remedy closely associated with `implied contracts' and trusts." Id. at 136 (quoting Estate of Johnson v. Adkins, 513 So.2d 922, 926 (Miss.1987)).
¶ 9. On the other hand, the City does not even attempt to categorize the two causes *416 of action, but it states that the MTCA expressly provides that its coverage is not encumbered by characterization or labels pursuant to Mississippi Annotated Code section 11-46-11(3) (Rev.2002). However, this statement is misplaced, as this section is relating to the fact the statute of limitations shall be exclusive in all actions brought under this chapter, notwithstanding the characterization the claimant uses to describe it. Miss.Code Ann. § 11-46-11(3). In its brief, the City further analyzes the language of the statute and states a "claim" is any demand to recover damages for injuries. The City contends that as both claims are equitable in nature, and the Act covers any and all civil actions against a governmental entity, the two claims fall under the Act, and it does not matter if the causes of action cannot be categorized specifically as a "tort."
¶ 10. We find, however, that the MTCA's scope is not so broad, as the City maintains, to cover any and all civil actions, and it does matter how the two claims are categorized. We find that 1704 21st Avenue's claim for "unjust enrichment" is a modern denotation for the doctrine of "quasi-contract." Koval, 576 So.2d at 137 (quoting Magnolia Fed. Savings & Loan v. Randal Craft Realty, 342 So.2d 1308, 1311 (Miss.1977)). An unjust enrichment action is based on a promise, which is implied in law, that one will pay a person what he is entitled to according to "equity and good conscience." Thus, the action is based on the equitable principle "that a person shall not be allowed to enrich himself unjustly at the expense of another." It is an obligation created by law in the absence of any agreement; therefore, it is an implied in law contract. Id.
¶ 11. 1704 21st Avenue's other claim for money had and received has been defined as a form of the equitable claim of unjust enrichment:
Money paid to another by mistake of fact, although such mistake may have been caused by payor's negligence, may be recovered from the person to whom it was paid, in an action for money had and received. The ground on which recovery is allowed is that one receiving money paid to him by mistake should not be allowed to enrich himself at the expense of the party who paid the money to him by retaining it, but in equity and good conscience should refund it. In order that this rule may apply, the party to whom the payment mistake was made must be left in the same situation after he refunds it as he would have been left had the payment to him not been made.
Union Nat'l Life Ins. Co. v. Crosby, 870 So.2d 1175, 1180(¶ 14) (Miss.2004) (citations omitted) (quoting Mason v. S. Mortgage Co., 828 So.2d 735, 739(¶ 18) (Miss. 2002)). "[M]oney had and received is in quasi-contract"; that is, there is a contract implied in law. Milliken & Michaels, Inc. v. Fred Netterville Lumber Co., 676 So.2d 266, 271 (Miss.1996) (Sullivan, J., concurring) (quoting R.R. Tway v. Ok. Tax Comm'n, 910 P.2d 972, 980 (Okla.1995)). A litigant sues for money had and received under an implied contract through the common law action of assumpsit. Dorsey Miss. Sales, Inc. v. Newell, 251 Miss. 77, 90-91, 168 So.2d 645, 651 (Miss.1964). Although the form of this action is usually one "at law, it is governed by equitable principles." Milliken & Michaels, Inc., 676 So.2d at 271 (Sullivan, J., concurring).
¶ 12. According to the above authority, 1704 21st Avenue's claims for money had and received and unjust enrichment fall under the category of implied-in-law contract causes of action as there was no real contract between the City and 1704 21st Avenue. There was merely an implied promise that if the City were to receive money to which it was not entitled, the City would return it.
*417 ¶ 13. We find the two implied contract causes of action governed by the MTCA. Section 11-46-3(1) declares that the legislative intent of the Act is that the state and its political subdivisions shall "be immune from suit at law or in equity on account of any wrongful or tortious act... or breach of implied term or condition of any ... contract...." The Mississippi Supreme Court determined the legislative intent of the MTCA includes implied contracts in City of Jackson v. Estate of Stewart, 908 So.2d 703, 711(¶ 38) (Miss.2005).[3] As we determine 1704 21st Avenue's two causes of action against the City are derived from implied-contract claims, they would be included in the Act's legislative declaration of governmental immunity.
¶ 14. Section 11-46-5 provides that even though immunity is granted under section 11-46-3, this immunity is waived for "claims for money damages arising out of the torts of such governmental entities and the torts of their employees while acting within the course and scope of their employment." Miss.Code Ann. § 11-46-5 (Rev.2002). While this waiver contains no explicit reference to implied warranty and implied-contract claims against governmental entities, the supreme court in Estate of Stewart determined, without explanation, that the section 11-46-5 waiver applied to a breach of implied contract claim. Estate of Stewart, 908 So.2d at 711(¶ 38). Following the same analysis, we find that the section 11-46-5 waiver applies to 1704 21st Avenue's implied-contract causes of action and that 1704 21st Avenue's claims are governed exclusively by the MTCA. See Miss.Code Ann. § 11-46-7(1) (Rev.2002) (MTCA exclusive remedy for claims made against a governmental entity for which immunity has been waived under the chapter).
¶ 15. As its claims come under the MTCA, 1704 21st Avenue was required to submit a "notice of claim" to the City ninety days prior to the institution of the suit. See Miss.Code Ann. § 11-46-11(1). The circuit court correctly determined that 1704 21st Avenue failed to provide the City with such notice and its claims are statutorily barred. While 1704 21st Avenue contends via a footnote in its appellate brief that it substantially complied with the notice provision, its response to requests for admissions states that no notice was given.
¶ 16. In its appeal to this Court, 1704 21st Avenue did not challenge the trial court's findings as to the applicability of the MTCA's two exemptions from liability: claims "[a]rising out of the assessment or collection of any tax or fee" and performance of a "discretionary function" under section 11-46-9(1)(i) and 11-46-9(1)(d), respectively. We consider any challenge 1704 21st Avenue previously made regarding the application of these exemptions abandoned.

*418 CONCLUSION

¶ 17. We uphold the circuit court's determination that 1704 21st Avenue's claims are governed by the MTCA. 1704 21st Avenue's claims for unjust enrichment and money had and received, although not torts, originate from an implied-in-law contract. The supreme court has held implied contracts come under the MTCA's scope. 1704 21st Avenue, however, did not provide a notice of claim to the City as required pursuant to Mississippi Code Annotated section 11-46-11(1); therefore, its actions are barred. 1704 21st Avenue's request for prejudgment interest is moot. For the foregoing reasons, we affirm the circuit court's judgment.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] The City also utilized BFI for its municipal curbside collection service.
[2] This is the combined total of two water accounts that Waters Mark established. The City billed each account $416.88 for garbage collection.
[3] Estate of Stewart explains the phrase "breach of implied term or condition of any warranty or contract" in section 11-46-3(1) was added by the Legislature in the Special Session of 1992, and was initially interpreted not to include breach of implied contracts in Quinn v. Mississippi State University, 720 So.2d 843, 849-50(¶ 28) (Miss.1998); however, Estate of Stewart overruled Quinn. Estate of Stewart, 908 So.2d at 709-11 (¶¶ 29-31, 39). While 1704 21st Avenue argues that in order for the MTCA to apply, there must be a wrongful act, omission, or tortious breach of contract, it recognizes that this argument "flies in the face" of the holding announced in Estate of Stewart, which specifically stated that the breach of the implied term or condition of warranty or contract does not have to be tortious. See id. at 711(¶ 37). We are "bound to uphold and apply all precedent handed down from the supreme court" and are not "empowered to reverse the precedent surrounding the issue presented." Carr v. State, 942 So.2d 816, 817(¶ 4) (Miss.Ct.App. 2006).