PIERCE, Justice, for the Court:
¶ 1. On January 7, 2008, Rehab Solutions, PLLC (“Rehab”) received notice of tax liens assessed against its property. Thereafter, Chad Willis and Renee Willis (collectively, the “Owners”) employed the Nail McKinney Accounting firm to assess the financial viability of their business. As a result, numerous financial shortcomings of Rehab’s in-house accountant, Mignon Willis[1] (“Willis”), became apparent. When the inspection of Rehab’s finances began, Willis left work and did not return. *585 Rehab eventually sued Willis in tort and in contract, seeking the return of one-half of Willis’s wages while employed by Rehab, as well as punitive damages. The jury returned a verdict in favor of Rehab and awarded Rehab $183,543.17 in compensatory damages and $50,000 in punitive damages.
¶ 2. Willis appeals the jury’s award, asserting that it was not supported by the evidence and that unjust enrichment was not the proper measure of damages. Additionally, Willis contends that the trial court erred in finding that Rehab’s claims were not barred by the statute of limitations and for submitting the issue of punitive damages to the jury. After a thorough review of the record, we have determined that there is not a viable cause of action against Willis in this matter. Accordingly, this case is reversed and rendered.
FACTS
¶ 3. Around January 2003, Willis began working for Rehab as an in-house accountant. The Owners hired Willis as a part of their goal to bring all aspects of their business in-house. Rehab charged Willis with multiple duties, including retrieving the mail, ordering medical supplies, dealing with insurance companies, handling payroll, making deposits, paying vendors, paying taxes, and handling expense reimbursements. However, even with all these duties, Rehab did not authorize Willis to sign checks, nor was Willis responsible for accounts receivable. The authority to write checks was reserved for the Owners alone, and Chad Willis testified that Donna Turner managed accounts receivable. Nonetheless, over the course of her employment, the Owners allege that Willis failed to fulfill many of the requirements of her position at Rehab.
¶ 4. Sometime around November 2007, the Owners learned that Willis had failed to pay one of Rehab’s business suppliers. As a result, the Owners reduced Willis’s hours and took away some of her duties. On January 7, 2008, BancorpSouth notified Rehab that a problem existed with its mortgage-loan refinancing because tax liens had been levied against its building and real property.[2] Thereafter, the Owners conducted an investigation and discovered unopened mail in Willis’s office,[3] which included the tax notices, vendor bills, and payments sent to Rehab.
¶ 5. Because of the numerous financial problems, Rehab retained the services of Linda Crawford and Amanda Angle of the Nail McKinney Accounting firm to review the financial records in an effort to determine the true financial status of the business. On January 14, 2008, the accountants arrived to begin their inquiry, but Willis left the premises. The Owners requested that Willis meet with the accountants, but Willis participated only by phone, as she asserted she was out sick with kidney stones. After January 14, 2008, Willis never returned to work at Rehab.
¶ 6. During their audit, Crawford and Angle found that Willis had failed to perform several important duties of her position with Rehab, such as reconciling Rehab’s bank accounts, filing corporate tax returns for four years, paying unemployment taxes, opening mail, and paying vendors. Although no illegal activity was dis *586 covered, Rehab filed suit against Willis on April 8, 2008. In its complaint, Rehab alleged that Willis was negligent in performing her duties while employed at Rehab, and Rehab sought damages on theories of negligence, negligent or intentional misrepresentation, quantum meruit, breach of contract, breach of the covenant of good faith and fair dealing, and gross negligence.
¶ 7. Before trial, Willis filed four motions to dismiss Rehab’s claims, contesting the covenant of good faith and fair dealing, breach of contract, the theory of quantum meruit, and the statute of limitations. However, each of the first two motions were denied, and on the third motion, both parties agreed[4] that Rehab’s complaint should be amended to omit the theory of quantum meruit and add the theory of unjust enrichment. The trial court held in abeyance the fourth motion regarding the statute of limitations pending the receipt of proof.[5]
¶ 8. At trial, Rehab claimed that it was entitled not only to damages as a result of Willis’s failure to perform, but also repayment of one-half of the salary Willis had received, because she did only about half of the work she was hired to do. Willis initially denied any wrongdoing, but later, she admitted that she had made some mistakes. However, the Owners also admitted that they did not supervise Willis in performing her duties because of the total faith and trust they had placed in her.
¶ 9. At the close of Rehab’s case, Willis moved for a directed verdict, requesting that the trial court enter a judgment in her favor with regard to the statute-of-limitations issue and the unjust-enrichment issue; however, the motion for directed verdict was denied in toto. After Willis rested, Rehab moved for a directed verdict for “penalties and interest” “incurred and paid” because of Willis’s mistakes, which she admitted, and the trial court directed a verdict in favor of Rehab on that issue in the amount of $13,371.21. After three days of trial and receiving agreed-upon instructions, the jury returned a verdict in favor of Rehab in the amount of $133,-543.17[6] in compensatory damages and $50,000 in punitive damages. After the trial court denied Willis’s post-trial motions, she filed her appeal.
ISSUES
¶ 10. Willis raises several issues on appeal:
I. Whether an employee’s past wages should be recoverable as damages through the theory of unjust enrichment in an action brought by the employer for failure to perform certain job duties.
II. Whether the jury’s verdict should be reversed since the only damages proven totaled $24,803.77.
III. Whether the trial court erred in finding that none of Rehab’s *587 claims was barred by the statute of limitations.[7]
IV. Whether the trial court erred in instructing the jury regarding the covenant of good faith and fair dealing.
V. Whether the facts proven at trial are sufficient to warrant an award of punitive damages.
Because Rehab does not assert a viable cause of action against Willis, this case must be reversed and rendered.
DISCUSSION
¶ 11. Before us is the curious question of whether an employer enjoys a viable cause of action against one of its at-will employees for negligence, negligent or intentional misrepresentation, unjust enrichment,[8] breach of contract, breach of the covenant of good faith and fair dealing, and gross negligence. After review of the record and based on the facts of this case, this Court finds Rehab did not assert a viable cause of action against Willis. First, Willis did not engage in any illegal activity. Second, Rehab employed Willis as an at-will employee. Finally, Rehab failed to oversee Willis in her duties as an in-house accountant. Nevertheless, this Court will discuss negligence and unjust enrichment, as both were Rehab’s theories for recovery at trial.
¶ 12. Negligence is defined as “the failure to exercise the standard of care that a reasonably prudent person would have exercised in a similar situation.” [9] And there are numerous questions regarding negligence, making it “so necessary to carefully examine all the circumstances making up the situation in each case, that it must be a rare case of negligence which the court should take from a jury.”[10] Yet, “[sjufficient stress is lacking upon principles which the lay mind too often ignores, and which even in judicial opinions are assumed rather than asserted. These are that injury of itself confers no legal right; that danger of itself is not negligence; and that negligence of itself is not liability.”[11]
¶ 13. With these concepts of negligence in mind, this case presents one of those rare instances where determination of negligence is taken from the jury, because this cause of action is improper in a case where an employer sues its employee for the employee’s failure to do his or her job. The Court does not ignore the fact that Rehab may have suffered some type of injury from Willis’s actions or lack thereof, yet the injury itself confers no legal right. And negligence itself is not liability. Moreover, the Owners failed to monitor Willis in her duties and Willis was an at-will employee. The facts of this case prevent Rehab from bringing a claim against Willis for not doing her job, characterizing that claim as one of negligence, when Rehab’s only viable action upon these circumstances was to to properly monitor its employee and terminate Willis’s employment — an action the Owners failed to take. Furthermore, Rehab concedes in its brief that an employer cannot recover back wages or the equivalent thereof under a theory of negligence.
¶ 14. Just as there is no cause of action for negligence, unjust enrichment *588 is not a proper measure of damages in this case. Unjust enrichment is an equitable claim and is defined as:
Money paid to another by mistake of fact, although such mistake may have been caused by payor’s negligence, may be recovered from the person to whom it was paid, in an action for money had and received. The ground on which recovery is allowed is that one receiving money paid to him by mistake should not be allowed to enrich himself at the expense of the party who paid the money to him by retaining it, but in equity and good conscience should refund it. In order that this rule may apply, the party to whom the payment mistake was made must be left in the same situation after he refunds it as he would have been left had the payment to him not been made.[12]
The law is clear that unjust enrichment applies when one party has mistakenly paid another party.[13] Unjust enrichment applies in situations where no legal contract exists, and the person charged is in possession of money or property which, in good conscience and justice, he or she should not be permitted to retain, causing him or her to remit what was received.[14] A legal contract exists in an employment-at-will situation between the employer and the employee.[15] Further, without some “special agreement” between an employee and the employer, an employer may not recover back wages or the equivalent thereof paid during a term of completed employment.[16]
¶ 15. Rehab attempts to employ unjust enrichment as a vehicle to recoup damages it sustained from Willis’s failures, which Rehab alleges were the result of Willis’s negligence. And as previously stated, negligence is not a viable cause of action in this case. Rehab’s theory of unjust enrichment as a method to recover its employee’s past wages due to her poor performance is a novel one. Willis correctly states that this issue is one of first impression for the Mississippi judiciary. Nonetheless, our law is clear on unjust enrichment — it is based upon a mistaken payment, and it applies only where no legal contract exists.[17]
¶ 16. Rehab did not provide any testimony nor offer any evidence of a mistaken payment. Rehab did not and cannot demonstrate that a legal contract ceased to exist between Willis and Rehab. Rehab ignores the fact that unjust enrichment applies only when a legal contract is nonexistent. And, Rehab did not provide any evidence of a “special agreement” which would allow it to recover back wages as damages in this case.
CONCLUSION
¶ 17. Negligence is not a viable cause of action when an at-will employee fails to do *589 his or her job. Additionally, unjust enrichment is not a proper method of recovery for an employee’s past wages without some type of special agreement providing such relief. Because Rehab has failed to allege a viable cause of action, the jury verdict is vacated, and this case is reversed and rendered in favor of Willis.
¶ 18. REVERSED AND RENDERED.
WALLER, C.J., DICKINSON, P.J., RANDOLPH, CHANDLER AND KING, JJ., CONCUR. LAMAR, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY CARLSON, P.J., AND KITCHENS, J.

. Chad and Renee Willis are siblings, and Willis is their first cousin.

. The Owners claim that this was the incident that made them aware of problems with Willis’s work.

. The Owners allege that this was Willis’s private office; however, the record shows that this office was where most of the business records were kept. Additionally, the Owners admitted that they each had access to this office whenever they wanted.

. Although Mississippi Rule of Civil Procedure 15 permits a party to amend a claim by agreement or with leave of the court, the Rules and the law are silent on what the effect is of an agreement to amend the pleadings. M.R.C.P. 15. Although Willis, through counsel, agreed to permit Rehab to amend its claim to include unjust enrichment, Willis continued to assert that unjust enrichment was not the proper measure of damages.

. This claim later was denied, and the trial court stated that "the facts show pretty clearly that the owners of Rehab Solutions, Inc., did not discover this action until late in '07, early in '08.” However, "the statute of limitations commences upon discovery” of some latent injury, and "discovery is a factual question to be decided by the jury when there is a genuine dispute,” as in this case. Weathers v. Metropolitan Life Ins. Co., 14 So.3d 688, 692 (Miss.2009); see Donald v. Amoco Prod. Co., 735 So.2d 161, 167-68 (Miss.1999).

.This amount included the $13,371.21 directed verdict.

. See supra note 4.

. This claim was amended to drop the quantum meruit claim, adding unjust enrichment in its place.

. Black's Law Dictionary 1061 (8th ed. 2004).

. Allen v. Yazoo & M.V.R. Co., 88 Miss. 25, 40 So. 1009 (1906).

. Campbell v. Willard, 205 Miss. 783, 39 So.2d 483, 484 (1949).

. Union Nat'l Life Ins. Co., v. Crosby, 870 So.2d 1175, 1182 (Miss.2004) (emphasis added); 1704 21st Ave., Ltd. v. City of Gulfport, 988 So.2d 412, 416 (Miss.Ct.App.2008) (emphasis added); see also Bessler Movable Stairway Co. v. Bank of Leakesville, 140 Miss. 537, 106 So. 445, 446 (1925).

. See Crosby, 870 So.2d at 1182; see also Dunn v. Dunn, 853 So.2d 1150, 1153-54 (Miss.2003).

. Powell v. Campbell, 912 So.2d 978, 982 (Miss.2005).

. DeCarlo v. Bonus Stores, Inc., 989 So.2d 351, 354 (Miss.2008); see Buchanan v. Ameristar Casino Vicksburg, Inc., 852 So.2d 25, 26 (Miss.2003); see also Kelly v. Mississippi Valley Gas Co., 397 So.2d 874, 874 (Miss.1981).

. Kleinfeld v. Roburn Agencies, Inc., 270 A.D. 509, 511, 60 N.Y.S.2d 485 (N.Y.1946).

. See Crosby, 870 So.2d at 1182; 1704 21st Ave., 988 So.2d at 416; see also Bessler Movable Stairway, 106 So. at 446.