# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CP-00390-COA

**EFFORT ALEXANDER**                                                      **APPELLANT**

**v.**

**C & A CONSTRUCTION, LLC AND CHARLYS**                    **APPELLEES**
**ESPINOZA**

DATE OF JUDGMENT:               03/28/2024
TRIAL JUDGE:                           HON. MITCHELL M. LUNDY JR.
COURT FROM WHICH APPEALED    DESOTO COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:         EFFORT ALEXANDER (PRO SE)
ATTORNEY FOR APPELLEES:          JOSEPH M. SPARKMAN JR.
NATURE OF THE CASE:               CIVIL - CONTRACT
DISPOSITION:                          AFFIRMED - 09/02/2025
MOTION FOR REHEARING FILED:

**BEFORE CARLTON, P.J., McCARTY AND WEDDLE, JJ.**

**WEDDLE, J., FOR THE COURT:**

¶1.     This action involves a contract under which C & A Construction LLC was to provide framing labor for Effort Alexander's residence. After Alexander terminated their contract, C & A Construction claimed that Alexander refused to pay the remaining sum owed for framing labor and materials. Consequently, C & A Construction filed a mechanic's lien in the office of the DeSoto County Chancery Court Clerk for the amount the company claimed Alexander owed. In response, Alexander filed a complaint in the chancery court against C & A Construction to remove the lien against his home, award him $18,600 for falsely and knowingly filing a claim of lien without just cause, and actual and compensatory damages. C & A Construction then filed a counterclaim against Alexander alleging breach of contract,

failure to pay for services rendered, and reimbursement for materials supplied. Alexander's complaint was dismissed without prejudice, but the chancellor did not address C & A Construction's counterclaim.

¶2.     Alexander then filed a motion for declaratory judgment against Charlys Espinoza, the owner of C & A Construction, which was ultimately denied. The DeSoto County Chancery Court also awarded $1,500 in attorney's fees to C & A Construction.[1] Alexander appealed from the order denying declaratory relief and argued that the chancery court erred in denying his motion because Espinoza (C & A Construction) filed an invalid lien and that payment of attorney's fees was not warranted. This Court dismissed Alexander's appeal for lack of jurisdiction, finding that the chancery court's order was not a final judgment because it did not resolve all the claims between all the parties. *Alexander v. Espinoza*, 392 So. 3d 435, 442 (¶28) (Miss. Ct. App. 2024).

¶3.     Following a bench trial on C & A Construction's counterclaim, the chancellor entered a judgment against Alexander. The chancellor also awarded C & A Construction $6,200 for unpaid framing labor and materials, with per annum interest from the date of the mechanic's lien, and attorney's fees in the sum of $3,325. Aggrieved by the chancellor's ruling, Alexander appeals and asserts multiple assignments of error. Finding no error, we affirm.

### FACTS

¶4.     On November 12, 2021, Alexander entered into a contract with C & A Construction to do framing work for his residence at an estimated cost of $37,120, with the understanding

---

[1] The second lawsuit was transferred to the chancellor handling Alexander's first lawsuit.

that any subsequent changes would be priced accordingly. C & A Construction began to do the framing work according to the plans that Alexander provided. Throughout the course of construction, Alexander made adjustments to the original plan, increasing the total price to $39,020, which included an additional $900 for labor and $1,000 for materials. On October 12, 2022, Alexander made a payment of $20,000, and on November 10, 2022, he made a payment of $13,020. On November 28, 2022, Alexander terminated the services of C & A Construction, accusing the construction workers of stealing materials from the work site or being complicit in the stealing of the materials from the work site. At the time Alexander terminated the contract, he owed C & A Construction $6,000 for labor and materials. Aggrieved, C & A Construction filed a mechanic lien on December 27, 2022, for the sum of $6,200.

¶5.    On January 27, 2023, Alexander filed a complaint to remove the mechanic's lien. He alleged that the lien was "an illegal and continuing violation" against his right to quiet possession and an action of "extortion/harassment" against him. On April 18, 2023, C & A Construction filed a counterclaim alleging Alexander breached their contract by failing to pay for services rendered and not reimbursing them for material supplied. On June 16, 2023, the chancellor granted C & A Construction's motion to dismiss for improper service of process. On July 12, 2023, C & A Construction filed a motion to set a trial for the counterclaim. However, on August 1, 2023, before a hearing on the counterclaim, Alexander filed a notice of appeal. On September 21, 2023, the Mississippi Supreme Court dismissed Alexander's appeal for lack of jurisdiction, finding that the chancery court's order was interlocutory and

3

that Alexander's appeal was untimely. *See* Order, *Alexander v. Espinoza*, No. 2023-TS-00856 (Miss. Sept. 21, 2023). On October 17, 2023, the chancery court entered an administrative order setting a date to hear arguments on C & A Construction's counterclaim.

¶6. On December 1, 2023, Alexander filed a motion for declaratory judgment, claiming that C & A Construction's lien was invalid because Espinoza was not licensed in Mississippi. On January 2, 2024, the chancellor found that Alexander's motion for a declaratory judgment was not well taken and it was denied. On March 28, 2024, after a hearing on C & A Construction's counterclaim, the chancellor entered judgment against Alexander. The chancellor found that the parties had formed a contract, C & A Construction was authorized to file a lien for labor, and C & A Construction was entitled to attorney's fees. Alexander now appeals from the chancellor's final judgment.

**DISCUSSION**

### I.      Mechanic's Lien

¶7. The chancellor found that C & A Construction was authorized to file a lien for labor, citing Mississippi Code Annotated section 85-7-403 (Rev. 2021), which outlines who shall have a special lien on the real estate for which they furnish labor, services, or materials when not paid for their labor, services, or materials. The chancellor found that C & A Construction fell under section 85-7-403(1)(a) because it "was a 'contractor' within the meaning of [Mississippi Code Annotated section] 85-7-401(b) [(Rev. 2021)] as it had privity of contract with the owner of the property." Alexander argues that the lien was invalid and

4

unenforceable because a mechanic's lien must be supported by a completed contract.[2] However, pursuant to Mississippi Code Annotated section 85-7-405(1)(a) (Rev. 2021), a lien is enforceable only upon the contractor meeting certain conditions, including "*substantial compliance* by the party claiming the lien with the party's contract . . . for work performed or labor, services or material provided . . . ." (Emphasis added). Considering testimony and photographs admitted into evidence, the chancellor correctly held that C & A Construction substantially complied with the terms of the parties' agreement. Therefore, we find the mechanic's lien was valid and enforceable.

¶8.     Alexander also contends that the trial court failed to consider key testimony that supports his argument that the framing work was not completed. "[T]he chancellor is the judge of the weight and worth of the testimony[,] and the court's decree based upon the evidence will not be disturbed unless manifestly wrong. Therefore, when the chancellor is confronted with conflicting testimonies, he determines which has more credibility." *Thompson Tree & Spraying Serv. Inc. v. City of McComb*, 271 So. 3d 623, 626 (¶6) (Miss. Ct. App. 2018) (citing *Reed v. Weathers Refrigeration & Air Conditioning Inc.*, 759 So. 2d 521, 524 (¶10) (Miss. Ct. App. 2000)). We find that the chancellor did not err in determining that C & A Construction was authorized to file a mechanic's lien.

¶9.     Additionally, Alexander argues that the chancellor erred by awarding interest on the mechanic's lien. Mississippi Code Annotated section 75-17-1 (Rev. 2016) provides that the

_____

[2] Notably, in support of his arguments, Alexander relies on a statute that addresses liens on water, oil, and gas wells, and he relies on a few cases that either do not exist or are not applicable to the facts before us.

legal interest rate for contracts is eight percent. Relying on this statute, the chancellor awarded C & A Construction interest on $6, 200 at eight percent per annum from December 27, 2022, the date of the mechanic's lien. Therefore, the chancellor did not err by awarding interest on the unpaid framing labor and materials.

## II. Contract Between the Parties

¶10. In his next assignment of error, Alexander claims that the chancellor erroneously concluded that C & A Construction had completed the contracted work. The chancellor found that there was a contract for framing services, and C & A Construction substantially complied with the terms of the contract based on photographs introduced into evidence. The chancellor additionally found that C & A Construction would have fully completed the job if the proper materials had been ordered and delivered, and if Alexander had not terminated the parties' contract.[3] However, Alexander contends that "the judgment was based on a misrepresentation of the evidence and the contract terms." "The credibility of the witnesses and the weight of their testimony, as well as the interpretation of evidence where it is capable of more than one reasonable interpretation, are primarily for the chancellor as the trier of facts." *Myers v. Myers*, 270 So. 3d 1060, 1065 (¶14) (Miss. Ct. App. 2018) (quoting *Johnson v. Gray*, 859 So. 2d 1006, 1014 (¶36) (Miss. 2003)). Again, we "will not re[-]weigh the testimony and evidence and substitute our judgment for that of the chancellor." *Anderson v. Grabmiller*, 394 So. 3d 493, 510 (¶73) (Miss. Ct. App. 2024) (quoting *Rankin v. Rankin*, 323 So. 3d 1073, 1079 (¶17) (Miss. 2021)). Thus, after our review of the record, we find that

---

[3] Alexander did not offer any proof to substantiate his claim that C & A Construction had been stealing materials or was complicit in the stealing of materials from the job site.

6

there was substantial evidence to support the chancellor's determination that a contract was formed between the parties, and C & A Construction substantially complied with its terms before Alexander terminated the contract.

### III.    Unjust Enrichment

¶11.    Alexander argues that "by receiving maximum payment without completing the contracted work, [C & A Construction] has been unjustly enriched." This Court has held that "[a]n unjust-enrichment action is based on the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another." *Avakian v. Wilmington Tr. Nat'l Ass'n*, 242 So. 3d 961, 971 (¶33) (Miss. Ct. App. 2018) (quoting *Beasley v. Sutton*, 192 So. 3d 325, 332 (¶23) (Miss. Ct. App. 2015)). "[T]he law is clear that unjust enrichment applies when one party has mistakenly paid another party." *Taylor Made Smiles PLLC v. Franklin Coll. Serv. Inc.*, 224 So. 3d 565, 569 (¶13) (Miss. Ct. App. 2017) (quoting *Willis v. Rehab Sols. PLLC*, 82 So. 3d 583, 588 (¶14) (Miss. 2012)). However, in the case before us, Alexander has not mistakenly paid C & A Construction; he has failed to pay for services rendered and to reimburse C & A Construction for materials supplied.

¶12.    Additionally, "[u]njust enrichment applies in situations where no legal contract exists, and the person charged is in possession of money or property which, in good conscience and justice, he or she should not be permitted to retain, causing him or her to remit what was received." *Id*. The chancellor correctly found that a legal contract existed between Alexander and C & A Construction. The parties agreed that the total price for the framing work was $37,120 in addition to costs incurred due to any changes made to the original plan. There was

7

a valid contract between the parties, and Alexander was only ordered to pay C & A Construction for the work completed. Thus, the chancellor did not err by finding Alexander was not unjustly enriched.

## IV. Attorney's Fees

¶13.    The chancellor awarded C & A Construction attorney's fees in the sum of $3,325. He found that C & A Construction was entitled to attorney's fees pursuant to Mississippi Code Annotated section 11-55-5 (Rev. 2019), which allows the award of attorney's fees if the court finds "that the party clearly knew or reasonably should have known that such party's action, claim or defense or any part of it was without substantial justification." Alexander alleges that the chancellor's decision to award attorney's fees against him lacked substantial justification. We review the chancery court's grant or denial of attorney's fees requested under this statute for an abuse of discretion. *Kuhn v. High*, 302 So. 3d 630, 640 (¶26) (Miss. 2020). To reverse the chancery court's award of fees, we would have to be of "a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon weighing of relevant factors . . . ." *Id*. We do not have that conviction, and we find that the chancellor did not abuse his discretion by ordering Alexander to pay C & A Construction's attorney's fees.

## V. Alexander's Motion for Relief from Appellee's Attorney's Fees

¶14.    At the same time Alexander filed his brief on appeal, he filed a motion here for relief from $1,500 in other attorney's fees the chancellor in the second lawsuit awarded to C & A Construction. He asserts that he paid C & A Construction the $1,500 plus interest because

8

Espinoza convinced him to pay it in exchange for withdrawing the mechanic's lien. Alexander further claims that he should not have paid C & A Construction because this Court previously held that the chancellor's order was not "final." Our Supreme Court in one case held that an appeal became moot where the dispute pertained to a fee that was assessed by the chancellor, but the fee was paid between the announcement of the chancellor's judgment and the appeal. *In re City of Biloxi*, 113 So. 3d 565, 572 (¶22) (Miss. 2013) (citing *Rhodes v. Rhodes*, 336 So. 2d 1315, 1316 (Miss. 1976)). Here, Alexander paid C & A Construction the attorney's fees the chancellor assessed when his original complaint was dismissed. Therefore, this issue is moot. Accordingly, Alexander's motion for relief is denied.

¶15. In response to Alexander's motion for relief, C & A Construction asked for attorney's fees or sanctions. Pursuant to Mississippi Rule of Appellate Procedure 27(a), a party requesting attorney's fees is required "to file a motion in the Court, supported by affidavits and time records that establish the actual fees expended on appeal." *Latham v. Latham*, 261 So. 3d 1110, 1115 (¶22) (Miss. 2019) (quoting *Hatfield v. Deer Haven Homeowners Ass'n Inc.*, 234 So. 3d 1269, 1277 (¶30) (Miss. 2017)). C & A Construction did not file a separate motion for attorney's fees or sanctions, as required. Therefore, the request for attorney's fees is denied without prejudice to C & A Construction's ability to renew the request before the mandate in a motion that complies with Rule 27(a) and the requirements of *Latham*. *See Baur v. Ribelin*, 395 So. 3d 1258, 1271-72 (¶64) (Miss. Ct. App. 2024); *Crawford v. Richmond*, 337 So. 3d 1164, 1177-76 (¶45) (Miss. Ct. App. 2022).

**CONCLUSION**

9

¶16.    For the foregoing reasons, we affirm the chancery court's judgment in favor of C & A Construction. Additionally, Alexander's motion for relief is denied, and C & A Construction's request for attorney's fees is denied without prejudice.

¶17.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, EMFINGER AND LASSITTER ST. PÉ, JJ., CONCUR.**